968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby BATTLE, et al., Plaintiffs-Appellants,
United States of America, Plaintiff-Intervenor,
v.
Park J. ANDERSON, et al., Defendants-Appellees.
 Nos. 91-7045, 91-7011.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1992.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and PARKER;* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 PARKER, District Judge:
 
 3
 Plaintiffs-Appellants appeal orders of the District Court which denied most of their claims for attorney's fees and costs and awarded fees for 72.5 hours at a rate of $125 per hour. The claims for attorney's fees and costs which are the subject of this appeal arise out of appellants' fourth application for attorney's fees and costs in this civil rights action for prison reform and involve fees for services rendered and costs incurred during the period from January 1, 1983 through the end of 1989, fees for time devoted to pursuing attorney's fees and costs both in the district court and on this appeal, and enhancement of fees previously awarded for services rendered prior to January 1, 1983 as well as enhancement of attorney's fees requested for the period of January 1, 1983 through the end of 1989.[1]
 
 
 4
 In regard to the appellants' fourth application for attorney's fees, the district court, in an August 30, 1990 order, found that appellants were the "prevailing party" and therefore were entitled to an award of attorney's fees. However, the district court further found that appellants "had very limited success during the period covered by this fourth application." Consequently, the district court awarded attorney's fees based on only 72.5 hours of the more than 1,100 hours claimed in the fourth application, specifying that this award of 72.5 hours was for appellants' successful "opposition to defendants' motion to modify this court's injunction concerning the East Cellhouse." The August 30, 1990 order further provided that "[a]s to the other hours in plaintiffs' application, the court finds that they should be eliminated to account for the very limited success of the plaintiffs in this portion of the case."
 
 
 5
 The August 30, 1990 order observed that plaintiffs requested a rate of $200 per hour and the defendants agreed to a rate of $150 per hour. Instead of making a decision as to the appropriate rate, the court ordered the parties to submit affidavits "as to the reasonableness of the hourly rate for this case in this area." Thereafter the parties submitted numerous affidavits relating to hourly rates. On March 27, 1991, the district court entered an order determining that an hourly rate of $125 was reasonable in view of the affidavits submitted and "the expertise of plaintiffs' attorney in civil rights litigation." Consequently, the district court awarded attorney's fees of $9,062.50 (72.5 hours X $125 per hour). The district court awarded no costs and did not explain the denial of appellants' claim for costs.
 
 
 6
 On appeal, both in their brief and at oral argument, appellees conceded that appellants are entitled to certain costs and additional attorney's fees and to consideration, on remand, of claims for other attorney's fees and costs, if we affirm the district court's finding that appellants are the "prevailing party."[2]
 
 PREVAILING PARTY
 
 7
 The record of this case fully supports the district court's conclusion that appellants were the "prevailing party" since, over a protracted period, appellants' counsel succeeded on significant issues which achieved substantial benefits for the appellants and materially altered the legal relationships of the parties. See Supre v. Ricketts, 792 F.2d 958 (10th Cir.1986). Further, appellants' limited success during the period covered by the fourth application for attorney's fees does not change their "prevailing party" status. Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 789 (1989); Hensley v. Eckerhart, 461 U.S. 424, 429-432 (1983).
 
 HOURLY RATE
 
 8
 The affidavits submitted in response to the district court's order of August 30, 1990 justified a selection of an hourly rate anywhere within the range of $100 to $200. Appellees submitted affidavits of three lawyers engaged in the practice of civil rights law in Oklahoma, including the Eastern District. All three stated that their own hourly rates were $125 and that a reasonable hourly rate would be in the range of $100 to $150. Appellants submitted affidavits of five attorneys, including four members of the State Bar of Oklahoma, and a copy of the testimony of the court appointed fact-finder, which justified a rate of $200 per hour. The district court did not abuse its discretion in using $125 per hour as the appropriate rate for the 72.5 hours of time compensated. See Hensley v. Eckerhart, 461 U.S. at 437 ("district court has discretion in determining the amount of a fee award."); Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1208 (10th Cir.1986) (standard for reviewing district court's determination of reasonable hourly rate is abuse of discretion); Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir.1983) ("court should ... establish a billing rate ... based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees").
 
 
 9
 Although we affirm the district court's determination that $125 was a proper rate for the 72.5 hours compensated, the district court need not necessarily choose the same rate for additional attorney's fees to be awarded on remand. Moreover, as to additional hours for which attorney's fees may be awarded on remand, the district court will not be constrained to apply a uniform rate and may decide that some hours for certain services should be compensated at a rate different from that awarded for other services.
 
 COSTS REQUESTED IN THE FOURTH APPLICATION
 
 10
 In their brief, appellees stated that if the court of appeals affirmed the district court's finding that appellants are the prevailing party "then the Appellants should be awarded their costs." Appellees Response Brief at 24. Consequently, on remand the district court must award to appellants the reasonable costs set forth in their bill of costs. See Serna v. Manzano, 616 F.2d 1165 (10th Cir.1980) (prevailing party presumptively entitled to costs and incumbent on losing party to overcome such presumption).
 
 
 11
 ATTORNEY'S FEES CLAIMED FOR SERVICES OTHER THAN THE 72.5 HOURS COMPENSATED
 
 
 12
 As previously indicated, the district court's award of attorney's fees was specifically limited to 72.5 hours devoted by appellants' counsel to opposing the motion by defendants to modify "this court's injunction concerning the East Cellhouse." Counsel for appellees has conceded, however, that appellants are entitled to certain additional awards in view of our ruling affirming the district court's finding that the appellants are the "prevailing party." Such additional awards must not be determined simply by the number of motions the appellants won or lost, but rather by the overall degree of success obtained by counsel in the relevant time period. Texas Teachers Assn. v. Garland Independent School Dist, 489 U.S. at 793 (once prevailing party status established, "the degree of the plaintiff's overall success goes to the reasonableness of the award ...")
 
 
 13
 Attorney's fees claimed for other services fall into the following four categories:
 
 
 14
 1. Services Related To In Forma Pauperis Status on Appeal
 
 
 15
 Appellees acknowledged that appellants were successful in establishing their right of appeal in forma pauperis. Appellees Response Brief at 8. During oral arguments, counsel for appellees agreed that, although the attorney time spent on this issue was minimal, appellants should have been awarded attorney's fees for the reasonable time spent on this issue. Therefore, on remand, the district court should award reasonable attorney's fees for these services.
 
 2. Monitoring
 
 16
 In Findings of Fact and Conclusions of Law entered February 10, 1983, Judge Bohanon observed that at a hearing on October 4, 1982 regarding prison conditions, "the court again instructed the plaintiffs' attorneys to carefully monitor the growing problem in Oklahoma prisons as a part of the compliance process." At oral arguments, counsel for the parties agreed that this instruction regarding monitoring had never been rescinded. Moreover, counsel for appellees conceded that on remand the district court should consider the claim for attorney's fees for monitoring services although appellees' counsel did not agree that all time reported in the attorney's time records for monitoring was reasonable. On remand, the district court should consider the request for attorney's fees for time spent by appellants' attorneys in monitoring prison conditions between January 3, 1983 and December 30, 1983 when an order was entered dismissing the case. The district court should determine the number of hours reasonably spent carrying out Judge Bohanon's instruction "to carefully monitor the growing problem in Oklahoma prisons as a part of the compliance process" and determine at what rate those services should be compensated. See Diaz v. Romer, No. 90-1100 and 90-1302 (10th Cir. Apr. 20, 1992) ("Case law and the plain language of 42 U.S.C. § 1988 clearly state that attorney's fees can be awarded for post-judgment monitoring and other efforts to ensure compliance with court orders in a civil rights case."); Duran v. Carruthers, 885 F.2d 1492 (10th Cir.1989) (court approved lower court's decision to award plaintiffs attorneys' fees and costs incurred in monitoring activities).
 
 3. Response to Plan of Measures
 
 17
 Appellees had been ordered to submit a plan as to how the state intended to reach certain remedial goals. Appellees filed that plan on June 17, 1983. Counsel for appellants reviewed the plan and filed various objections to it. After a series of hearings, the district court rejected the appellants' objections to the plan. Although appellants' objections were not sustained, time spent by appellants' attorneys in reviewing the plan and responding to it may have been a part of their obligation to continue monitoring the state's compliance efforts. During oral arguments, counsel for appellees indicated her belief that reviewing and responding to the Plan of Measures was a part of appellants' obligation to monitor the compliance process. The district court, on remand, should determine the extent, if any, to which attorney's fees should be awarded for time spent in reviewing and responding to the Plan of Measures.
 
 
 18
 4. Attorney's Fees and Costs Related to the Fourth Fee Application
 
 
 19
 It is unclear from the appellate briefs whether the appellants presented for decision by the district court a claim for attorney's fees and costs related to prosecuting their fee application in the district court. However, both parties have taken the position that this case should be remanded to the district court for consideration of this claim. Appellants' Brief-in-Chief at 47; Appellees' Response Brief at 25. Hence, the district court on remand should make a decision on this claim. See Mares v. Credit Bureau of Raton, 801 F.2d at 1200-1201 (10th Cir.1986) (stressing importance of district court making decision on attorney's fees and costs claims since trial court say the attorneys' work first hand and has far better means of knowing what is just and reasonable than an appellate court). Also, on remand the district court should also decide whether to award appellants their costs and attorney's fees incurred in connection with this appeal.
 
 ENHANCEMENT
 
 20
 Appellants seek an enhancement not only of time spent after January 1, 1983, during the time covered by the fourth fee application, but also of the fees previously awarded on the first three applications for time spent through 1982. Counsel for appellants conceded that in connection with two of the three prior applications, requests for enhancement of fees had been made, but not granted, and the failure to enhance fees was not appealed. Under the circumstances, renewal of their requests for enhancement of fees awarded for time prior to 1983 is inappropriate. However, on remand the district court should decide whether to grant an enhancement of fees awarded for services rendered during the period covered by the fourth fee application. See Homeward Bound, Inc., et al. v. Hessimore Memorial Center, et al., No. 91-5006 (10th Cir. May 8, 1992).
 
 
 21
 Accordingly, this case is REMANDED for proceedings in compliance with this Order and Judgment.[3]
 
 
 
 *
 Honorable James A. Parker, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs-Appellants applied for attorney's fees under 42 U.S.C. § 1988 which provides, in pertinent part:
 In any action or proceeding to enforce a provision of § 1981, 1982, 1983 and 1986 of this title ... the Court, in its discretion, may allow the prevailing party other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [2]
 Although appellees state in their brief that they concede certain issues so long as this court upholds the lower court's finding that appellants were the "prevailing party," appellees also state that they do not contest appellants' status as the "prevailing party." Appellees Response Brief at 6. Thus, little time will be spent belaboring the point that appellants are, indeed, the prevailing party
 
 
 [3]
 Additionally, the District Court will eventually have to determine the amount of reasonable fees and costs, if any, to be awarded in regard to appellants' racial discrimination claims. Because the United States Supreme Court recently denied the state's petition for certiorari, a full evidentiary hearing will have to be held concerning these claims. The claim for attorney's fees and costs related to the racial discrimination claims should be considered following the outcome of this hearing